**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CARL SCOGGINS                                                                                            PLAINTIFF

v.                                             No. 2:13CV00171 JLH

TRAVIS WALLACE; TIMOTHY FUGATE;
TROY HOUSE; and MATTHEW JARRETT                                                    DEFENDANTS

**ORDER**

Carl Scoggins filed proof of service indicating that he served summons and complaint on Matthew Jarrett, Troy House, Travis Wallace, and Timothy Fugate between April 2 and April 4, 2014. None of the four defendants answered within twenty-one days of the date of service as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). On May 14, 2014, Scoggins moved for entry of default as to those four defendants, and the Clerk's entry of default was entered the following day. On June 5, 2014, Scoggins moved for default judgment against those four defendants. On June 6, 2014, those four defendants moved for an extension of time to answer the complaint, and on June 27, 2014, Wallace, House, and Jarrett filed an answer.[1] Scoggins has responded, correctly noting that the defendants' motion should be construed as a motion under Federal Rule of Civil Procedure 55(c) to set aside the entry of default. Scoggins also correctly notes that in deciding whether to set aside an entry of default the Court must consider whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the opposing party would be prejudiced if the default were excused. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998). The motion for an extension of time to answer the complaint does not address the issue of whether the defendants have a meritorious

---

[1] Fugate has now filed a motion to quash service and vacate the entry of default.

defense and only addresses the cause for the default in a cursory fashion.  Therefore, the Court directs Wallace, House, and Jarrett to supplement their motion, providing evidence on the issue of the cause of the default and an explanation of the grounds for their defense on the merits, as well as a brief as required by Local Rule 7.2(a).  Such supplemental motion must be filed on or before July 18, 2014.  If Scoggins wishes to file a reply, he may do so on or before July 25, 2014.

IT IS SO ORDERED this 3rd day of July, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE